COURT OF APPEALS
DECISION
DATED AND FILED

October 23, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2023AP1826-CR**

Cir. Ct. No. 2021CF1308

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT II**

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

TIMOTHY R. KRUKOWSKI,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Waukesha County: PAUL BUGENHAGEN, JR., Judge. *Affirmed*.

Before Gundrum, P.J., Grogan and Lazar, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.   Timothy R. Krukowski appeals from the judgment entered after he pled guilty to operating a motor vehicle while under the influence of an intoxicant or other drug (OWI), fourth offense, contrary to WIS. STAT. § 346.63(1)(a) (2021-22).[1]   On appeal, Krukowski argues the circuit court erred when it denied his suppression motion.   We affirm.

## I.  BACKGROUND

¶2     In August 2021, around 9:20 p.m., New Berlin Police Officer Eric Pappas noticed a disabled car that had been driven into a closed construction zone and became stuck.   The car was teetering on the edge of a gravel pit with only two of its tires still on the road.   The driver, who was identified as Krukowski, was standing outside the car as Pappas approached to check on the situation.   Krukowski initially was uncooperative and swore at Pappas but then explained he had turned into the wrong lane, entered the construction zone, and his car became stuck.

¶3     Pappas observed that Krukowski's pupils were "very dilated" and he was fidgeting, talking very quickly, rambling, repeating things, sweating, visibly shaking, and breathing heavily.   The officer instructed Krukowski to move closer to his car as "he was wandering into the actual lanes of traffic[.]"   Krukowski also had trouble locating his insurance card through his phone app.   He told Pappas that he was a recovering drug addict, was on methadone and "took another drug" earlier in the day—but refused to identify the other drug—and indicated he had multiple prior drugged driving convictions.

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

¶4 Another officer with a K-9 arrived on the scene and conducted "an open-air sniff" of Krukowski's car, and the K-9 had "a positive indication" for drugs. The officers searched the car but did not find any illegal drugs; however, they found a product "commonly used as a filter for smoking crack cocaine" and an "orange pill bottle that contained a metal container," which Pappas knew was commonly used to hold drugs. The container was empty. A check on Krukowski's license showed he had prior OWI convictions and a pending OWI.

¶5 Based on all of this information and his seven years of training and experience, Pappas determined there was reasonable suspicion to believe Krukowski was driving under the influence of some type of drug and therefore administered field sobriety tests. Krukowski showed no clues on the horizontal gaze nystagmus test (HGN), which is primarily designed to test for alcohol. On the walk-and-turn test, Krukowski showed five out of eight possible clues. On the one-leg stand test, he showed two out of four clues and counted very slowly. Another officer, who is a drug recognition expert, conducted a modified Romberg test[2] and lack of convergence test on Krukowski and reported to Pappas that Krukowski was slow on the Romberg test.

¶6 Pappas also had Krukowski perform a preliminary breath test (PBT), which showed Krukowski at 0.0—indicating no alcohol concentration in his breath. Based on all of the initial information plus the additional information from the field sobriety tests, Pappas believed he had probable cause to arrest Krukowski for OWI. Pappas learned after the arrest that Krukowski had told the officer who brought the K-9 "that he had used crack cocaine and heroin on that day." A blood draw taken

---

[2] Based on Pappas' testimony, it appears that the modified Roberg test involves asking the individual to estimate the amount of time that has passed in a given period.

pursuant to a warrant showed Krukowski's blood was positive for both cocaine metabolites and fentanyl.

¶7     The State charged Krukowski with OWI fourth offense.[3] Krukowski filed a motion to suppress, claiming that Pappas did not have reasonable suspicion to conduct the field sobriety tests and did not have probable cause to arrest him. Pappas was the only witness to testify at the suppression hearing. When asked about reasonable suspicion, Pappas testified he thought he had reasonable suspicion to have a K-9 respond based on:

> [p]rimarily his actions during our interaction, his fidgeting, the sweating, his dilated pupils, he couldn't stand in one place after telling him like, you know, I don't want you to get hit by a car come over here. Um, you know, at one point he was very uncooperative with me and the next minute he's super cooperative and he seemed, you know, that he would jump from one to the other sweating heavily, and then based on him admitting that he's got a criminal history involving drugs, that he's an addict, he took methadone, he took another drug that he wouldn't elaborate what that drug was, the totality of the circumstances in that case I believe was enough reasonable suspicion to have a K-9 respond.

Pappas also testified that this information, together with the "single vehicle accident" and "the dog giving us probable cause that there was either an odor of drugs coming from the vehicle or that there was drugs in the vehicle," caused Pappas to believe Krukowski "was under the influence of some type of drug." When asked about probable cause to arrest, Pappas testified this was based on all of the earlier information combined with Krukowski's prior and pending OWIs and the results of the field sobriety tests.

---

[3] The State dismissed the charge for operating with a restricted controlled substance as a fourth offense as a result of the plea agreement.

¶8     The circuit court found Pappas credible and denied the suppression motion.  It determined, based on the officer's training and experience and the "facts and rational inferences" that the officer had personally observed, that Pappas had both reasonable suspicion to conduct the field sobriety tests and probable cause to arrest.  Krukowski now appeals.

## II.  DISCUSSION

¶9     The issue on appeal is whether the circuit court erred in denying Krukowski's suppression motion.  "[A]n order granting or denying a motion to suppress evidence" presents "a question of constitutional fact, which requires a two-step analysis" on appellate review.  **State v. Asboth**, 2017 WI 76, ¶10, 376 Wis. 2d 644, 898 N.W.2d 541.  "First, we review the circuit court's findings of historical fact under a deferential standard, upholding them unless they are clearly erroneous.  Second, we independently apply constitutional principles to those facts." **State v. Robinson**, 2010 WI 80, ¶22, 327 Wis. 2d 302, 786 N.W.2d 463 (citations omitted).  "Whether there is probable cause or reasonable suspicion to stop a vehicle is a question of constitutional fact."  **State v. Popke**, 2009 WI 37, ¶10, 317 Wis. 2d 118, 765 N.W.2d 569.  "[W]e review de novo the ultimate question whether the facts as found by the trial court meet the constitutional standard."  **State v. Hindsley**, 2000 WI App 130, ¶22, 237 Wis. 2d 358, 614 N.W.2d 48.

¶10     "A determination of reasonable suspicion is made based on the totality of the circumstances."  **State v. Anderson**, 2019 WI 97, ¶33, 389 Wis. 2d 106, 935 N.W.2d 285.  "Reasonable suspicion requires that a police officer possess specific and articulable facts that warrant a reasonable belief that criminal activity is afoot." **State v. Young**, 2006 WI 98, ¶21, 294 Wis. 2d 1, 717 N.W.2d 729.  "'[I]f any reasonable    inference    of    wrongful    conduct    can    be    objectively    discerned,

notwithstanding the existence of other innocent inferences that could be drawn, the officers have the right to temporarily detain the individual for the purpose of inquiry.'" *Id.* (citation omitted). "[W]hat constitutes reasonable suspicion is a common sense test: under all the facts and circumstances present, what would a reasonable police officer reasonably suspect in light of his or her training and experience." *State v. Young*, 212 Wis. 2d 417, 424, 569 N.W.2d 84 (Ct. App. 1997).

¶11    We examine the issue of probable cause anew and without deference to the circuit court. *State v. Babbitt*, 188 Wis. 2d 349, 356, 525 N.W.2d 102 (Ct. App. 1994). In deciding whether probable cause exists, we look to whether the totality of the circumstances within the officer's knowledge at the time of the arrest would lead a reasonable police officer to believe the defendant was operating a motor vehicle while under the influence of an intoxicant. *See State v. Nordness*, 128 Wis. 2d 15, 36-37, 381 N.W.2d 300 (1986). The objective facts before a police officer need not prove guilt beyond a reasonable doubt; rather, they are sufficient if they lead to the conclusion that a violation of the law is more than a mere possibility. *State v. Richardson*, 156 Wis. 2d 128, 148, 456 N.W.2d 830 (1990). Whether probable cause exists is an objective test. *See id.* Probable cause exists if the totality of the circumstances "'would lead a reasonable police officer to believe that the defendant probably'" was driving under the influence. *See Nordness*, 128 Wis. 2d at 35 (citations omitted).

### A. Reasonable Suspicion

¶12    Krukowski's first argument is that Pappas did not have the requisite reasonable suspicion to conduct field sobriety tests. We disagree. A review of the Record demonstrates that Pappas had specific and articulable facts to believe that

Krukowski was driving under the influence. The officer testified during the suppression hearing that he personally observed a number of factors that led him to believe Krukowski was driving while impaired by drugs. These included the fact that Krukowski had driven into a construction zone and had gotten his car stuck half off of the road; his pupils were very dilated (an indicator Pappas knew from his training signaled drug use); his demeanor and swing of emotions; his prior OWIs plus one OWI currently pending; his admission he took a drug but refused to disclose the type; the K-9 indicating there was an odor of drugs in his car; and his admission to being a recovering drug addict. Under the totality of these circumstances, we conclude the officer had reasonable suspicion to conduct field sobriety tests.

¶13 Krukowski relies on *State v. Gammons*, 2001 WI App 36, ¶¶1, 24, 241 Wis. 2d 296, 625 N.W.2d 623, where we held the police lacked reasonable suspicion for a drug investigation during a traffic stop because the reason for the stop had abated. Krukowski argues that, like in *Gammons*, Pappas' reasonable suspicion abated after Pappas did not find any drugs in his car. We reject Krukowski's argument. The facts before Pappas here are very different than those present in *Gammons*, which involved a traffic stop based on the failure to display a rear license plate. *See id.*, ¶2. *Gammons* held that because the officer saw a temporary registration sticker when he approached the car, the reason for the stop had abated, and continuing the investigation violated the Fourth Amendment. *Id.*, ¶¶2, 24. Krukowski's case was not based on a license plate violation. Rather, it involved facts suggesting an OWI, which did not abate after the search of his car. Pappas believed that Krukowski's demeanor, actions, admissions, and prior OWIs continued to support reasonable suspicion. We agree. *See State v. Lange*, 2009 WI 49, ¶33, 317 Wis. 2d 383, 766 N.W.2d 551 (prior OWI conviction is a factor an

officer may consider in the probable cause determination). The circuit court did not err in concluding that Pappas had reasonable suspicion to conduct field sobriety tests.

### B. Probable Cause

¶14 Krukowski's second argument is that Pappas did not have probable cause to arrest him for OWI. We again disagree. The Record demonstrates that all of the circumstances here would lead a reasonable officer to believe that Krukowski was probably driving under the influence. In addition to all of the factors supporting reasonable suspicion, Pappas also had the results of the field sobriety tests, which showed multiple clues on two of the tests and information from a drug recognition officer suggesting drug use. Taking the totality of the circumstances together, there is more than a mere possibility that Krukowski was violating OWI law.

¶15 Krukowski points to facts that could support a conclusion that he was not driving under the influence, such as the 0.0 PBT and the lack of clues on the HGN, and he also attempts to minimize the clues on the other field sobriety tests. These facts do not change the analysis. Probable cause is an objective test, and here, it was reasonable based on the totality of the circumstances to believe that Krukowski was operating with a restricted controlled substance in his blood. The law does not require officers to rule out innocent explanations when they observe indicia of an intoxicated driver. *See* ***Young***, 294 Wis. 2d 1, ¶21. "'[I]nnocent' behavior frequently will provide the basis for a showing of probable cause.'" ***State v. Tullberg***, 2014 WI 134, ¶35, 359 Wis. 2d 421, 857 N.W.2d 120 (quoted source omitted). The circuit court did not err in concluding that Pappas had probable cause to arrest Krukowski.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.